UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE KEVIN L. MCCULLOM,<br><br>Plaintiff. | Case No. 21-03798 BLF (PR)<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**<br><br>(Docket No. 5) |

Plaintiff, a state prisoner, filed a letter which was construed as an attempt to file a civil rights action pursuant to 42 U.S.C. § 1983 against Santa Rita County Jail, officials. Dkt. No. 1. Plaintiff has been granted time to file a proper complaint on the court's form. Dkt. No. 6. Plaintiff has recently filed a motion for a preliminary injunction and temporary restraining order against "the state officials and Alameda County Sheriff's Dept. Santa Rita Jail's Public Agency… to enjoin and restrain" them from various illegal activities. Dkt. No. 5 at 1-2.

Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). A

TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b).

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). The standard for issuing a TRO is similar to that required for a preliminary injunction. *See Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff has yet to file a proper complaint and the proper Defendants have yet to be identified, much less served, in this action. Accordingly, Plaintiff has made no showing that he has satisfied the notice requirement of Rule 65(a)(1). Furthermore, Plaintiff has established none of the factors under *Winter* to otherwise warrant preliminary relief, e.g., likelihood of success on the merits or irreparable harm, because he has failed to file a viable complaint. As such, Plaintiff's motion for a preliminary injunction and TRO is DENIED without prejudice as premature.

This order terminates Docket No. 5.

///

///

2

**IT IS SO ORDERED.**

Dated: ___June 22, 2021_____

_____
BETH LABSON FREEMAN
United States District Judge

Order Denying TRO
PRO-SE\BLF\CR.21\03798McCullom_deny.tro

3